**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**THOMAS TAYLOR,**

       **Plaintiff,**

**v.**                                        **Civil Action No. 1:08cv191**
                                                 **(Judge Keeley)**

**NORTH CENTRAL REGIONAL JAIL**
**GEORGE TRENT, HENRY ROBISON, JR.,**
**BECKY DAVIS, ASHLEY GIVANNI,**
**TERRY MILLER, DR. KATINY, JOHN KING**

       **Defendants.**


**OPINION/REPORT AND RECOMMENDATION**


On October 20, 2008, the *pro se* plaintiff initiated this case by filing a civil rights action

against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff

alleges claims of deliberate indifference, medical negligence and medical malpractice. This matter

is before the undersigned for an initial review and report and recommendation pursuit to LR PL P

83.01, <u>et</u> <u>seq</u>.

**I.   The Complaint**

In his complaint, the plaintiff asserts that while incarcerated at North Central Regional Jail,

the defendants violated his constitutional rights by refusing to give the plaintiff adequate medical

treatment for a variety of physical illnesses. Specifically, the plaintiff alleges that, after a recent

injury, he was refused proper medical attention through the denial of the opportunity to see a

specialist or have a MRI performed. While the plaintiff does admit that X-rays were taken after the

injury and medication was prescribed because the plaintiff was told he had scoliosis bone disease

and arthritis, the plaintiff alleges that he is still in pain and has trouble walking. The plaintiff also alleges that medication prescribed for his prostate has not been effective and requests to see a specialist have been denied.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

### A. Medical Negligence and Medical Malpractice Claims

To succeed on a claim of medical negligence or medical malpractice in West Virginia, the plaintiff must prove:

2

(a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3.   When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required.  Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (W.Va. 2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued.  W.Va. Code §55-7B-6.   This section provides in pertinent part:

**§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the

rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va.2004).[1]

With regard to the appropriate standard of care, the plaintiff has completely failed to sustain his burden of proof. The plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of scoliosis, arthritis, or prostate issues.[2] Under the circumstances of this case, the plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care. Moreover, to the extent the plaintiff's medical negligence claims arise in West Virginia, there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6. Accordingly, the plaintiff's medical negligence and medical malpractice claims should be dismissed.

## B.  Deliberate Indifference

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel and

---

[1] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[2] Plaintiff offers no medical records, pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of scoliosis, arthritis, or prostate issues.

unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841,

5

849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

In this case, the plaintiff merely disagrees with the defendant's medical assessment and treatment of his injuries and other physical conditions. Therefore, the plaintiff cannot establish that his treatment violates the Eighth Amendment's prohibition on cruel and unusual circumstances unless exceptional circumstances are present. See Wright v. Collins, 766 F.2d at 849. However, the plaintiff has failed to show that any special or exceptional circumstances exist. In fact, all the plaintiff has shown is, that according to his own judgment, he has not received adequate medical care. The plaintiff has not shown that any additional treatment is medically necessary in his case or that he suffers substantial harm by the failure to provide such treatment. See Wood v. Housewright, 900 F.2d 1332,1335 (9th Cir. 1990) (delay in medical treatment does not violate Eighth Amendment unless the plaintiff can show substantial harm resulting from the delay). To the contrary, it appears the plaintiff is simply not satisfied with the course of treatment provided by North Central Regional Jail. Indeed, the plaintiff concedes he has received treatment, medication and medical testing. The plaintiff's real complaint lies in the defendant's failure to provide him the treatment he wants or deems necessary. Nonetheless, the mere denial of an prisoner's preferred course of treatment does not constitute a violation of a constitutional right. Goff v. Bechtold, 632 F. Supp. 697, 698 (S.D.W.Va. 1986)

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's civil rights complaint be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984);

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 3, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE